## STATE v. NICHOLAS CARR.

An officer who levies upon the personal property of the defendant in the execution, and refuses to lay off to such defendant upon demand, his personal property exemption, is guilty of a misdemeanor.

INDICTMENT for refusing to lay off a personal property exemption, heard before his Honor, *Judge Russell,* at Spring Term, 1874, of NEW HANOVER Superior Court.

On the trial below the jury found the following special verdict:

That on the 7th April, 1874, Murray & Co. obtained a judgment before a Justice of the Peace on a demand against Rodman Brothers, a firm doing business in New Hanover county, and that on the same day execution was issued and placed in the hands of the defendant, who was a constable. That on the day the judgment was given, Henry T. Rodman, a defend-

ant in the execution, in the presence of the defendant, Carr, disclaimed any title to certain rosin and turpentine then in the city of Wilmington, stating that the same was mortgaged to his mother; that Carr levied on the same as the property of Rodman & Bro., and took possession of the same. Six or seven days afterwards the attorney of the defendants demanded that the defendant, Carr, should set apart to them their personal property exemption out of the property levied on, according to law. This he refused to do, saying he would be protected by a bond. Afterwards, on the 20th April, the defendant, Carr, notified the defendants in the execution that he had abandoned the levy, and on the demand of the attorney to return the property levied on, he refused, saying that it was in the warehouse of Murray & Co. The defendant, Carr, delivered the property to the plaintiff in the execution, and that he did not sell the same.

The following endorsement was on the execution :

"Under the within execution, on the 7th day of April, 1874, I levied upon 40 barrels of spirits of turpentine and 129 barrels of rosin, as the property of Rodman & Bro. The defendants disclaimed all right to the property. I abandoned the levy and notified the plaintiff and the attorney of the defendants.

N. CARR, Constable."

The Court being of opinion that as the defendant did not sell under the levy, but abandoned it, he was not guilty, and gave judgment accordingly, from which the State appealed.

*Attorney General Hargrove* and *London*, for the State.
No counsel in this Court for defendant.

SETTLE, J. The facts found by the special verdict constitute a misdemeanor, denounced both by the words and spirit of the Homestead Act, Bat. Rev., ch. 55.

The evasion or trick by which the defendant attempted to deprive the plaintiff of his personal property exemption, and at the same time avoid the penalties of the law for so doing, deserves the reprobation of the Courts. If the device here resorted to can be justified and sustained, then the homestead provision of the Constitution and the laws in pursuance thereof are not worth the paper on which they are written.

The defendant says the plaintiff did not claim the property. But he says it was the property of the plaintiff and he levied on it as such, and when the plaintiff asked for his legal exemption it was not for the defendant to play upon him the sharp practice of saying, yes, it is your property for the purposes of my levy, but it is not yours for the purposes of a legal exemption.

The pretended abandonment of the levy by the defendant, while refusing to put the plaintiff, as he found him, in possession of his property, but leaving it in the hands of the plaintiff in the execution, is worse than mockery.

Let it be certified that there is error, to the end that the Superior Court may proceed to judgment upon the special verdict as upon a verdict of guilty.

PER CURIAM.                    Judgment reversed.